Ellsworth, J.
The plaintiff introduced, as evidence of his title to the portion of common land in Norfolk described in the declaration, a survey and lay-out to himself, partly on his own right and partly on the right of Moses Lyman, deceased, to whom he was executor -; which proceeding was in the common form, under the hands of the proprietors’ committee, and duly recorded in the public records.
• To the admission of this evidence the motion states that the defendant’s counsel objected, but for what particular reason it does not appear; and hence, as the objection is so general, we can not take notice of it—the rule requiring that in motions for new trials the precise objection taken shall be stated, together with the opinion expressed thereon by the court. But we would say that we have not discovered any valid ground for the objection, in the suggestion of a variance between the title stated in the declaration and that proved on the trial.
Assuming then, as we do, that the plaintiff made out a prima facie case, (and if he did not, the defendant should, have moved for a non-suit, j we look further to see if any error has intervened in the later proceedings of the court.
The plaintiff having introduced his proof and rested,' the defendant had a right to disprove the prima facie title of the plaintiff, or to prove an earlier and better title in himself. He *267 chose the latter, and to this end read to the jury, without objection, a similar survey and lay-out of the same land, to one Eliakim M. Humphrey, upon the right of Noah Humphrey, of an earlier date, together with a deed from said Eliakim to himself. Now, to disprove this title, which seemed to be a prior one, the plaintiff attacked it in its very origin, and offered in evidence deéds from said Noah, of all his right in the undivided lands, partly to Jonathan Pettibone and partly to Samuel Barber, of earlier dates by some years than the survey and lay-out obtained by said Eliakim ; from *which the plaintiff [ *327 ] claimed that it was apparent that the defendant did not derive any title from the ancient right of said Noah, and so had no title of which he could avail himself to defeat the plaintiff’s action. To this the defendant objected, and the evidence was ruled out; which ruling gives rise to the only real question made in the case. We discover no well founded objection to this evidence, and are satisfied that the court erred in rejecting it. If Noah Humphrey had no right, nothing to justify Eliakim in causing the survey and lay-out to be made to him on the supposed right of Noah Humphrey, (as he had not, if Noah had made an earlier conveyance of it to Pettibone and Barber,) then Eliakim acquired no title, and the defendant got none from him by his deed. One way of showing this was to introduce the deeds to said Pettibone and Barber. They should then have been received.
The defendant’s counsel insist, and this seems to have been the idea of the judge below, that the plaintiff could not be allowed to question the supposed survey and lay-out to said Eliakim, because, as they claim, the committee of the proprietors of this land in fact made the survey and lay-out to him, and their act operates as an estoppel upon the plaintiff. But how is this ? If Noah Humphrey had no right in the common land, Eliakim’s survey and lay-out did not give him one. He was a mere intruder; he had no business there at all; and the committee could not invest him with the -rights which belonged to other persons. There are here none of the elements of an estoppel. The committee were authorized only to survey and lay out to the true proprietors; nor were they clothed with power to decide who were or who were not such. No judicial power was given them.
Something'has been said about the insufficiency of the survey and lay-out in itself, to confer a perfect legal title upon the said Eliakim; but on the other hand it is said that this is the customary mode in such cases, and that deeds of conveyance from the committee to the proprietors are not usual or necessary. *268 We have not thought it important to pursue this inquiry, as affecting the decision of the case, because we can dispose of the case without doing so ; and were we to rest our deci- [ *328 ] *sion upon this point, might perhaps find, that in this particular both parties are in the same position, for both claim under a like survey and lay-out by the proprietors’ committee, without more; though the motion does not show that this objection to the plaintiff’s title was made in the court below.
We are of the opinion that a new trial should be granted.
In this opinion the other judges concurred.
New trial advised.